IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLEO BELL, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| KINSTON REHABILITATION CENTER, | : | |
| Respondents. | : | NO. 11-41 |

**MEMORANDUM**

**Schiller, J.**                                                                                                      February 7, 2011

**I. INTRODUCTION**

Presently before the Court is a document (Document No. 1) filed by Petitioner Cleo Bell. Although mostly unintelligible, the document appears to be asking the Court to order his release or transfer from the Kinston Rehabilitation Center to a "far more peaceful clime." *Id*. at p. 3. During the short pendency of this case, Petitioner has also filed several unintelligible letters which appear to seek the same relief. (Document Nos. 4, 5, 6, 7, & 8) After reviewing all of these filings, the Court liberally construes the instant document to be a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("Petition"). For the following reasons, the Petition is dismissed.

**II.     STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court. In turn, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

### III. DISCUSSION

Having reviewed the face of the instant Petition, the Court concludes that summary dismissal is appropriate. Petitioner is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this Court. *See* 28 U.S.C. § 2254; 28 U.S.C. 2255(a); 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rules Governing Section 2254 Cases in the United District Court, Rule 2(a). Therefore, the Court lacks jurisdiction over the instant proceeding.

The Court further concludes that there is no basis for the issuance of a certificate of appealibility, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

### III. CONCLUSION

For the reasons set forth above, the Court will dismiss the instant Petition for a writ of habeas corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008). A separate Order follows.

| 2/7/11 | |
|---|---|
| DATE | Berle M. Schiller, J. |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLEO BELL, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| KINSTON REHABILITATION CENTER, | : | |
| Respondents. | : | NO. 11-41 |

## **ORDER**

**AND NOW**, this 7th day of February, 2011, upon consideration of Petitioner's filings, and for the reasons set forth in the Memorandum issued this date, it is hereby **ORDERED** that:

1. Petitioner Cleo Bell's Petition for writ of habeas corpus (Document No. 1) is **DISMISSED** and **DENIED**;

2. A certificate of appealability is **DENIED**; and

3. The Clerk of the Court shall close the case.

BY THE COURT:

**Berle M. Schiller, J.**